ANTOINETTE K. BROWN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97743. Promulgated September 10, 1940.

*S. Leo Ruslander, Esq.*, for the petitioner.
*Eugene G. Smith, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner determined a deficiency of $11,133.06 in the petitioner's income tax for 1935. The only issue for decision is whether the Commissioner erred by including in the income of the petitioner the income of a trust established by her on January 1, 1927. The facts have been stipulated.

The petitioner created the trust and made her brother, Joseph P. Knapp, trustee, with power to control and manage the trust property. The trust was to terminate at the death of the petitioner. The income was payable $35 per month to Margaret Kane, a retired servant, and the residue to Josephine Ballard, a friend of the petitioner. The corpus was distributable to the estate of the petitioner. Stock dividends, extraordinary cash dividends, rights, and proceeds of sales were to be considered principal. The petitioner retained no power to revoke but retained the power to modify or alter in these respects only:

(A) Increasing the principal of the trust fund by adding to the property and securities set forth in said "Property Schedule," property and securities, which the Trustee shall receive, hold, manage, sell and invest and reinvest and dispose of, in the same manner and with the same limitations as herein specified in respect of the respective properties and securities enumerated in the said Schedule and forming the original trust estate.

(B) Disposing of the income of the trust estate as originally constituted, or as it may exist from time to time, otherwise than as originally provided in this Indenture by the said "Schedule of Income Distribution," by altering the proportion or amount of income to be paid to or applied to the use of any one or more of the beneficiaries, by canceling any benefaction to any one or more beneficiaries, by substituting any beneficiary or beneficiaries in the place of any one or more of them, by adding to the number of beneficiaries, by providing for the proportion or amount of income to be paid or applied to the use of such additional or substituted beneficiaries; provided, however, that in no event shall any such modification or alteration direct that the said income be paid to or applied to the use or benefit of the party of the first part.

(C) Directing the distribution of the principal of the trust estate as the same shall be constituted at the termination thereof, otherwise than as is originally provided in this Indenture by the said "Schedule of Disposition of Principal upon Termination of Trust," by altering the proportion or amount of the principal of said trust estate to be assigned, paid and set over to any one or more of the beneficiaries mentioned in said schedule, by canceling any benefaction to any one or more of said beneficiaries, by substituting any beneficiary or beneficiaries in the place of any one or more of them, by adding to the number of said beneficiaries, by providing for the proportion or amount of the principal of the trust estate to be assigned, paid and set over to such additional or substituted beneficiary, or for the manner in which all or any part of said principal shall be divided or distributed upon the death of said Antoinette K. Brown.

and to change the trustee.

She did not exercise any of her reserved rights until after 1935, when she changed the trustee and provided that the income in excess of $35 per month should be paid to Paul G. Brown.

The income of the trust for 1935 amounted to $26,130.92, including capital gain of $3,283.50. That income, exclusive of the capital gain, was distributed to Margaret Kane and Josephine Ballard, in accordance with the terms of the trust. The petitioner did not receive or report any of the trust income, but the Commissioner included all of it in her income in determining the deficiency. The Commissioner explained that the income was taxable to the grantor under sections 166 and 167 of the Revenue Act of 1934.

The Commissioner argues that the trust was revocable because it provided for no estate in remainder. He cites *Silverthau* v. *United States*, 26 Fed. Supp. 242, but that case is distinguishable because the grantor there retained the income for herself and, being the only one interested, she could revoke the trust. A reversionary interest or a possibility of reverter is not a "power to revest." *Blanche G. Penn*, 39 B. T. A. 787; *John Edward Rovensky*, 37 B. T. A. 702; *Marrs McLean*, 41 B. T. A. 565; *Frederic H. Frazier*, 41 B. T. A. 146. Here the grantor had no power to revoke and no one had power to revest any part of the corpus in the grantor. Section 166 is not applicable.

The Commissioner contends that section 167 (a) (1) applies, since stock dividends, extraordinary cash dividends, and proceeds of sales of rights were to be added to the corpus, which would go eventually to the estate of the grantor. He says it is immaterial whether or not there was any such income in 1935. However, it would be material, since section 167 (a) (1) provides only that "such part of the income of the trust" as may go to the grantor "shall be included in computing the net income of the grantor." The stipulation shows that there was no income during 1935 of the kind mentioned by the respondent in this argument. Furthermore, had there been any, it would never have reached the petitioner but, at most, would merely have reverted to her estate. So in no event would section 167 (a) (1) apply. *William E. Boeing*, 37 B. T. A. 178; reversed on another point, 106 Fed. (2d) 305; *J. S. Pyeatt*, 39 B. T. A. 774; *Genevieve F. Moore*, 39 B. T. A. 808. None of the income could ever come to the grantor or be used for her benefit and section 167 is not applicable.

The present trust is in many respects similar to the one created by the brother of the petitioner, the trustee herein, and considered in *Knapp* v. *Hoey*, 104 Fed. (2d) 99. Although Knapp reserved power to change the distribution of income and principal, and to change the beneficiaries and the trustees, nevertheless, the court held that none of the income was taxable to him, since in no event could the income be paid to him or be used for his benefit. The Commissioner fails to distinguish the two cases by the fact that Knapp named recipients of the reversion. See also *Phebe Warren McKean Downs*, 36 B. T. A. 1129; *Ellsworth B. Buck*, 41 B. T. A. 99.

The Commissioner resorts for the first time in his brief to section 22 (a) for support for his determination. The petitioner has never had an opportunity to be heard upon that point (cf. *Commissioner* v. *Richter*, 114 Fed. (2d) 452; *Helvering* v. *Wood*, 309 U. S. 344; *Rhodes* v. *Commissioner*, 111 Fed. (2d) 53), and the decision should not go against him until he has had that opportunity. Here, however, the Commissioner has failed to make a case. He cites *Helvering* v. *Clifford*, 309 U. S. 331. The case is not in point. It involved a short term trust over which the grantor reserved broad powers of control and management. The petitioner did not retain similar powers over this substantial lifetime trust. Cf. *Knapp* v. *Hoey, supra; Ellsworth B. Buck, supra; Dunlevy Milbank*, 41 B. T. A. 1014.

*Decision will be entered under Rule 50.*