### COMMISSIONER OF INTERNAL REVENUE v. BROWN.

### No. 7716.

Circuit Court of Appeals, Third Circuit.

Sept. 4, 1941.

MARIS, Circuit Judge, dissenting.

———◆———

L. W. Post, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Lee A. Jackson, Sp. Assts. to Atty. Gen., on the brief), for petitioner.

S. Leo Ruslander, of Pittsburgh, Pa. (Samuel Kaufman and James A. Graham, both of Pittsburgh, Pa., on the brief), for respondent.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

BIGGS, Circuit Judge.

The question presented by the petition at bar is whether or not the income for the year 1935 to a trust created on January 1, 1927, by the respondent and taxpayer, Antoinette K. Brown, should be treated as taxable income to her. The Commissioner insists that it should be so treated under Section 22(a), Section 166, or Section 167 of the Revenue Act of 1934, 48 Stat. 686, 729, 26 U.S.C.A., Internal Revenue Acts, pages 669, 727.

The indenture of trust provides that $35 a month shall be paid from the trust income to Margaret Kane, a retired servant of the grantor, and that the residue of the income shall be paid to Josephine Ballard, a friend of the taxpayer. Stock dividends, extraordinary cash dividends, rights, and proceeds of sales are to be treated as accretions to principal. The indenture further provides that the trust shall terminate upon the death of the grantor, and that the corpus shall be distributed to the estate of the taxpayer.

The grantor retained no power to revoke the trust, but did retain the power to modify or alter "in the following particulars only":

"(A) Increasing the principal of the trust fund by adding to the property and securities ' set forth in said 'Property Schedule,' property and securities, which the Trustee shall receive, hold, manage, sell and invest and reinvest and dispose of, in the same manner and with the same limitations as herein specified in respect of the respective properties and securities enumerated in the said Schedule and forming the original trust estate.

"(B) Disposing of the income of the trust estate as originally constituted, or as it may exist from time to time, otherwise than as originally provided in this Inden-

ture by the said 'Schedule of Income Distribution,' by altering the proportion or amount of income to be paid to or applied to 'he use of any one or more of the beneficiaries, by canceling any benefaction to any one or more beneficiaries, by substituting any beneficiary or beneficiaries in the place of any one or more of them, by adding to the number of beneficiaries, by providing for the proportion or amount of income to be paid or applied to the use of such additional or substituted beneficiaries; provided, however, that in no event shall any such modification or alteration direct that the said income be paid to or applied to the use or benefit of the party of the first part.

"(C) Directing the distribution of the principal of the trust estate as the same shall be constituted at the termination thereof, otherwise than as is originally provided in this Indenture by the said 'Schedule of Disposition of Principal upon Termination of Trust,' by altering the proportion or amount of the principal of said trust estate to be assigned, paid and set over to any one or more of the beneficiaries mentioned in said schedule, by canceling any benefaction to any one or more of said beneficiaries, by substituting any beneficiary or beneficiaries in the place of any one or more of them, by adding to the number of said beneficiaries, by providing for the proportion or amount of the principal of the trust estate to be assigned, paid and set over to such additional or substituted beneficiary, or for the manner in which all or any part of said principal shall be divided or distributed upon the death of said Antoinette K. Brown.

"(D) [To remove the trustee with or without cause and to substitute another trustee or trustees in his place.]"

The taxpayer and grantor did not exercise any of her reserved rights until after the year 1935.

The income from the trust for 1935 amounted to $26,130.92, including a capital gain amounting to $3,283.50. All income, exclusive of the capital gain, was distributed by the trustee to Margaret Kane and Josephine Ballard, as directed by the terms of the trust.

The Commissioner in his deficiency notice informed Mrs. Brown that the income was taxable to her under Sections 166 and 167, and before the Board of Tax Appeals contended that the income also was taxable to her under Section 22(a). The

Board of Tax Appeals decided that the income was not taxable to Mrs. Brown under either Section 166 or Section 167 and that the Commissioner had failed to make out a case under Section 22(a), meanwhile stating in its opinion that the taxpayer had never had an opportunity to be heard on the question of her taxability under Section 22(a). The Commissioner thereupon petitioned this court for review.

█ The grantor is a resident of Pennsylvania and the original trustee was a resident of North Carolina. We entertain no doubt, however, that it was the intention of the parties that the law of New York should govern their rights under the trust. The original trust indenture was executed there, as were the amendments to the indenture, which need not be detailed here. Moreover, the indenture provides that the moneys belonging to the trust estate are to be deposited with the Bankers Trust Company of New York. There can be no question that the weight of authority is to the effect that the situs of a trust is to be determined by finding the intent of the grantor and taking into consideration all other operative factors. Hutchison v. Ross, 262 N.Y. 381, 187 N.E. 65, 89 A.L.R. 1007; Restatement of the Law of Conflict of Laws, Section 297, Comment (d); Goodrich on Conflict of Laws (2d Ed.) Section 155.

The Commissioner contends that the specific provision of the trust indenture that "* * * in no event [should] any * * * alteration or modification [of the trust indenture] direct * * * the income to be paid to or applied to the use or benefit of the [taxpayer] * * *" would not be an effectual bar under the law of New York to the recovery of title to the property by the taxpayer. The Commissioner's argument runs as follows. Should the taxpayer choose to exercise her power to cancel the interests of the named beneficiaries, no person would have any standing to compel the substitution of a new beneficiary or beneficiaries. Accordingly, says the Commissioner, the taxpayer would become the sole beneficiary of the trust despite the provision of the trust indenture that she should not become the beneficiary of the income. As sole beneficiary she would have the right to revoke the trust and regain the corpus. The Commissioner cites 1 Scott on Trusts, Section 127.1; Doctor v. Hughes, 225 N.Y. 305, 122 N.E. 221; Livingston v. Ward, 247 N.Y. 97, 159

N.E. 875; Berlenbach v. Chemical Bank & Trust Co., 260 N.Y. 539, 184 N.E. 83 (No. 2); and other cases; together with Section 23 of the Personal Property Law of the State of New York.

The precise argument here made by the Commissioner was passed upon by the Circuit Court of Appeals for the Second Circuit, in respect to a trust substantially identical upon this point with that at bar, in Knapp v. Hoey, 104 F.2d 99, 101, and was found to be without merit. The short answer to the argument, as was pointed out by Judge Patterson and approved by Judge Augustus N. Hand, is that the cancellation of the benefaction of income to any one or more of the beneficiaries would necessarily require a substitution of new beneficiaries for the old ones. The fact is that the terms of the trust serve to prevent the income thereto from being within the language of Section 166.

As to the income being taxable to the grantor under Section 167, it should be pointed out that this exact question also was passed on in Knapp v. Hoey, supra, decided adversely to the Commissioner. We find the reasoning of the Circuit Court of Appeals for the Second Circuit persuasive. It is obvious that Mrs. Brown cannot name herself a direct beneficiary under the trust, and any benefits which she might attempt indirectly to gain under the trust, by amendments to its provisions or otherwise would be void by virtue of its express provisions prohibiting the use of any income for her benefit.

On the question of taxing the trust income to the respondent by virtue of the provisions of Section 22(a), the Board stated "* * * the Commissioner has failed to make a case." 42 B.T.A. 693. We cannot agree with this conclusion. The application of Section 22(a) was argued before us and major portions of the petitioner's brief and the respondent's brief are devoted to this question. We conclude that the principles of Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788, might compel the conclusion that the income was taxable to Mrs. Brown. A difference between the trust in the cited case and that in the case at bar is in term, the trust in Helvering v. Clifford, supra, being for five years only. This is to be considered in any decision respecting "ownership" of the property in a trust. Control of property is very close to ownership if not its

equivalent. Control of income from property approximates ownership. Helvering v. Horst, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75, 131 A.L.R. 655; Helvering v. Eubank, 311 U.S. 122, 61 SCt. 149, 85 LEd. 81; Harrison v. Schaffner, 312 U.S. 579, 61 S.Ct. 759, 85 L.Ed. 1055. See, also, Commissioner v. Buck, 2 Cir., 120 F.2d 775. In Helvering v. Clifford also the income was used within the family group In the case at bar the income for the year 1935 was devoted to the maintenance of a friend and a servant, the grantor, however, retaining the power, actually exercised in 1937, to return the income from the trust to the family group.

The Board points out that the respondent has not had the opportunity to be heard by it in respect to the application of Section 22(a). We conclude that the respondent is entitled to her day before the Board upon the issue presented by the section. At this stage of the case we cannot say that the question presented is solely one of law and is not one of law and fact to be determined initially by the Board.

Accordingly the decision of the Board is reversed and the cause is remanded with directions to permit the parties to adduce additional evidence and to decide the issues presented by Section 22(a).

MARIS, Circuit Judge (dissenting).

I think that the decision of the Board of Tax Appeals was right in all respects and should be affirmed. Since that decision was in favor of the respondent I see no need to afford her a further hearing before the Board.

The only point on which I differ with the majority of the court is as to the taxability of the trust income to the respondent as in fact her income under the broad definition of Section 22(a) of the Revenue Act and the rule of Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788. The Board held that the Commissioner failed to make a case under Section 22(a). My brethren say that they cannot agree with this conclusion. I think it was right.

The trust which the respondent created was to continue in all events until her death. She reserved no power to revoke it and although she might change the beneficiaries she was expressly precluded from ever receiving any benefit herself. Her only other power was to change the trustee

at her pleasure. As a matter of fact the respondent did not exercise any of these rights until after the taxable year with which we are concerned. During that year and at all times previously the beneficiary of all but a very small part of the income was a person unrelated to the respondent.

The Clifford case, and the cases which have followed it in the Supreme Court, involved and emphasized situations in which surplus income was distributed *among the members of an intimate family group* by the trusts held invalid for income tax purposes. I agree with the Circuit Court of Appeals for the Second Circuit that this is the significant distinction between those cases and cases like the one now before us. See Commissioner v. Chamberlain, 121 F. 2d 765, and compare Commissioner v. Buck, 120 F.2d 775. Certainly there is a clear distinction based upon the deepest and most primitive of the emotions which motivate human behavior between the transfer of income to members of the donor's intimate family circle for whose support he has strong legal and moral obligation and the transfer of income to those for whose support no such obligation exists.

Furthermore, I think that the Supreme Court in the Clifford case indicated that the question whether a donor had retained such control over and benefits under a trust fund as to render its income his within the definition of Section 22(a), was a question of fact to be found by the triers of fact. It would follow under settled principles that the finding of the Board of Tax Appeals upon this question should not be reversed by us if supported by substantial evidence.