BENJAMIN F. WOLLMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 71929. Promulgated August 8, 1934.

*William Sabine, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

**OPINION.**

ARUNDELL: Petitioner claims that the instrument of May 27, 1930, created a valid trust, irrevocable within the year 1930, and that the income from the trust property was taxable to the beneficiary under section 162 (b) of the Revenue Act of 1928. The respondent has taxed the income to the petitioner on the ground that the so-called trust was not a genuine trust transaction.

The statute is concerned with genuine trusts, and a proper administration of it permits inquiry into the motives prompting creation, the relation of the parties, and other circumstances surrounding the transaction. In *Stoddard* v. *Eaton*, 22 Fed. (2d) 184, it is said:

> After all the word "trust" as used in section 219 of the Revenue Act of 1918, can hardly have been intended to comprehend every instance in which a trust is recognized in equity. A trust ex maleficio, a resulting trust or a constructive trust are examples of trusts which do not fit into the frame of the statute. A trust, as therein understood, is not only an express trust, but a genuine trust transaction. A revenue statute does not address itself to fictions.

In *Burnet* v. *Wells*, 289 U.S. 670, the Court, speaking of trusts for the benefit of wife or kin, said: "The relation between the parties, the tendency of the transfer to give relief from obligations that are

recognized as binding by normal men and women, will be facts to be considered. * * * We do not go into their bearing now."

The reason for petitioner's setting aside securities and paying the income to his wife, as testified to by petitioner was " to not pay too much income tax." It further appears from petitioner's testimony that the income was to be paid to his wife in lieu of the allowance he had theretofore given her for personal expenses. He continued thereafter to give her sums of money from time to time, but not at regular times or as a stated allowance.

It thus appears that the petitioner is attempting to do indirectly what he can not do directly, namely, to deduct from his income the the expense of supporting his wife. The Revenue Act of 1928 specifically prohibits the deduction of " personal, living, or family expenses." Sec. 24 (a) (1). Obviously deductions so clearly prohibited are not to be allowed in some other guise unless the taxpayer can bring himself clearly within other provisions of the statute which support his claim.

Petitioner argues that section 162 (b) governs his case and sanctions his claim. As pointed out above, the statute is concerned with genuine trusts and not with all cases where a resulting or equitable trust might be declared by a local court. It might, for instance, in this case be declared upon suit by Mrs. Wollman that petitioner's retention of title to the securities was for her benefit. But for Federal tax purposes we think his retained interest and powers were so substantial that the securities may properly be regarded as his property and the income taxable to him. The Supreme Court in *Reinecke* v. *Smith*, 289 U.S. 172, recently said:

> Decisions of this court declare that, where taxing acts are challenged, we look not to the refinements of title but to the actual command over the property taxed—the actual benefit for which the tax is paid.

Also, in *Burnet* v. *Wells, supra:*

> Government in casting about for proper subjects of taxation is not confined by the traditional classification of interests or estates. It may tax, not only ownership, but any right or privilege that is a constituent of ownership. [Cases.] Liability may rest upon the enjoyment by the taxpayer of privileges and benefits so substantial and important as to make it reasonable and just to deal with him as if he were the owner, and to tax him on that basis.

In the case before us the petitioner retained title to the securities, kept them in his possession, received the income, and in every way enjoyed " privileges and benefits so substantial and important as to make it reasonable and just to deal with him as if he were the owner." " Here the grantor did not divest himself of title in any permanent or definitive way, did not strip himself of every interest in the subject matter of the trust estate." *DuPont* v. *Commissioner*, 289 U.S. 685.

While the cases cited deal with situations where the statute specifically directed the taxing of trust income to the grantor, the language of the Supreme Court seems to us broad enough to indicate that the general provisions of the statutes will support the taxation of income to the grantor where he retains powers as broad as in this case. The revenue acts tax the income " of " every individual. " The use of the word ' of ' denotes ownership." *Poe* v. *Seaborn*, 282 U.S. 101. Bearing in mind that taxation is not to be controlled by refinements of title (cf. *Weiss* v. *Wiener*, 279 U.S. 333; *Corliss* v. *Bowers*, 281 U.S. 376), it is difficult to see wherein the petitioner here parted with the ownership of his securities so as to escape taxation on the income. They continued to stand in his name; they were kept in his possession; he had the right to sell or exchange and reinvest " without regard to any limitations imposed by law "; he had the right to keep in his individual account any income or proceeds of any sale and as to any such moneys his liability was to be that of a debtor rather than that of a fiduciary. All of these extensive powers were expressly reserved to petitioner. The line that separates petitioner's rights under these powers from those of complete ownership is too faint to be distinguishable.

We are of the opinion, and so hold, that the execution of the instrument of May 27, 1930, did not create a valid subsisting trust so as to relieve petitioner of liability for tax on the income from the property described in the instrument.

*Decision will be entered for the respondent.*