## KRAFT v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7212.

Circuit Court of Appeals, Third Circuit.

April 16, 1940.

Talbot M. Malcolm, of New York City, for petitioner.

L. W. Post, of Washington, D. C., for respondent.

Before BIGGS, CLARK, and JONES, Circuit Judges.

BIGGS, Circuit Judge.

Katherine Kraft, the petitioner and taxpayer, in 1930 and 1932 by indentures created five separate trusts for named beneficiaries. One of these was Clarance Conklin and the indenture creating the trust in his favor is typical. The second paragraph of that indenture provides in part that the taxpayer and grantor "* * * shall have the right by an instrument in writing executed under her hand and seal and personally served on the Trustees * * * at least five days before the expiration of any calendar year, to revoke this trust, in whole or in part, after the end of any such calendar year; the intent hereof being that the trust * * * shall continue from year to year unless the [grantor] revokes the same, in whole or in part, after the end of any such year, but that said power of revocation shall not exist or be in the [grantor] at any time during any calendar year and that same shall arise and come into existence only after the end of any such calendar year, nor shall there be power to revest in the [grantor] any part of the corpus of this trust during any such calendar year, but that the latter power shall arise and come into existence only after the end of any such calendar year * * *".

The third paragraph provides that upon the termination of the trust all property and securities constituting the corpus shall belong absolutely to and shall vest immediately in. the grantor. The indenture also provides that if the grantor does not exercise her power of revocation the trust shall terminate upon the death of Conklin if he shall predecease the grantor, or upon the death of the grantor if she shall predecease Conklin.

The taxpayer gave no notice of revocation of any of the trusts prior to or during the calendar year 1933. The trusts were in force during the whole of the calendar year 1934 and the beneficiaries received the income from the trusts during that year. The Commissioner contends that the

income from the trusts for the taxable year 1934 was attributable and taxable to the taxpayer by virtue of the provisions of Section 166 of the Revenue Act of 1934, c. 277, 48 Stat. 680, 729, 26 U.S.C.A. Int. Rev.Acts, page 727.

Section 166 of the Revenue Act of 1934 provides:

"Where at any time the power to revest in the grantor title to any part of the corpus of the trust is vested—

"(1) in the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, or

"(2) in any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, then the income of such part of the trust shall be included in computing the net income of the grantor."

It will be observed that the power to revest the grantor with title to the corpora of the trusts is in her alone; that the power to revest is to be exercised at the time specified in the indentures, namely within the preceding calendar year (except for the last five days thereof); and that therefore the trusts are within the literal provisions of Section 166 of the Revenue Act of 1934. It is also clearly apparent that the income from the trusts for any years subsequent to 1934 would be taxable to the taxpayer, for if she has failed to take the necessary steps in 1934 to revoke the trusts for the year 1935 she must be deemed to have elected not to avail herself of the income. The taxpayer points out, however, that Section 166 of the Revenue Act of 1928, 45 Stat. 840, and Section 166 of the Revenue Act of 1932, 47 Stat. 221, 26 U.S.C.A. Int.Rev.Acts, pages 543, 727, in effect when the trusts respectively were created and continuing until the 1934 Act came into effect, contain the phrase "during the taxable year" placed directly after the phrase "at any time" and that the phrase first referred to was omitted from Section 166 of the Revenue Act of 1934. The taxpayer points out that she has not had the opportunity, with knowledge that the income from the trusts for the year 1934 would be taxable to her, to avail herself of the income from the trusts since to do this she would have had to have exercised her power of revocation prior to December 26, 1933. She contends that since the Revenue Act of 1934 became effective on May 10, 1934, the Commissioner in taxing the income from the trusts to her gives retroactive effect to the provisions of Section 166, depriving her of property without due process of law in violation of the Fifth Amendment. We are of the opinion, however, that the decision of the Supreme Court in Reinecke v. Smith, 289 U.S. 172, 175, 53 S.Ct. 570, 77 L.Ed. 1109, disposes of this contention for reasons which we will now state.

In the Reinecke case as in the case at bar, the taxpayer contended that the exaction was not based upon the taxpayer's income or income from the taxpayer's property, but upon income which had accrued to others upon property belonging to others. In the Reinecke case the taxpayer at all times retained the power to repossess the corpora. In the instant case the taxpayer at any time possessed the power to repossess the corpora. In the Reinecke case as in the case at bar, the income sought to be taxed to the grantor had already been received by the cestuis and was not recoverable by the grantor. The measure of control retained by the grantor over the corpora of the trusts is within the literal language of Section 166 and we hold the application of the Section by the Commissioner to have been constitutional.

The case at bar might be decided upon the authority of Helvering, Commissioner, v. Clifford, 60 S.Ct. 554, 84 L.Ed. ——, by holding the income from the trusts to be includable within the "gross income" of the taxpayer within the purview of Section 22(a) of the Revenue Act of 1934, 48 Stat. 686, 26 U.S.C.A. Int.Rev. Acts page 669. Two reasons dissuade us from this course, however. First, a family relationship between the settlor and the cestuis has not been proved though such might be inferred from some of the surnames appearing in the indentures. Second, the assessment of the deficiency by the Commissioner was based entirely upon Section 166 and the Board also bottomed its decision upon that Section. We do likewise. Helvering v. Wood, 60 S.Ct. 551, 84 L.Ed. ——.

Accordingly, the decision of the Board of Tax Appeals is affirmed.