DUNLEVY MILBANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 93050. Promulgated May 1, 1940.

*Clarence Castimore, Esq.*, and *Charles W. Crawford, Esq.*, for the petitioner.

*W. Frank Gibbs, Esq.*, for the respondent.

**OPINION.**

VAN FOSSAN: The single issue to be determined is whether or not the income of three trusts created by petitioner is taxable to petitioner for the year 1934. Petitioner contends that all three trusts were valid and enforceable under New York law and that there was no such retention of the incidents of ownership or control as would cause the income of the trusts to be taxable to the petitioner. Respondent argues that the three trusts should be considered in two separate groups—(1) the Milbank trust, and (2) the Palmer and Dunlevy trusts. He concedes that the Milbank trust is a valid and enforceable trust, but asserts that the Palmer and Dunlevy trusts were without substance and, hence, not enforceable trusts.

Respondent seeks to tax the income of all three trusts to petitioner under section 166 of the Revenue Act of 1934. In addition, he urges that the income of the Palmer and Dunlevy trusts was substantially that of petitioner. This latter contention raises the question of the applicability of section 22 (a) of the Revenue Act of 1934.

Respondent also concedes upon brief that the taxability of the income from the Milbank trust falls within the purview of our decisions in *Henry A. B. Dunning*, 36 B. T. A. 1222; *Meredith Wood*, 37 B. T. A. 1065; affirmed *per curiam*, 104 Fed. (2d) 1013 (C. C. A. 2d Cir.); and *Phebe Warren McKean Downs*, 36 B. T. A. 1129. The Supreme Court has recently affirmed our position in those cases in *Helvering* v. *Wood*, 309 U. S. 344. On that authority we hold that section 166 of the Revenue Act of 1934 does not apply and that

the income of the Milbank trust is not taxable to petitioner for the year 1934.

As to the Palmer and Dunlevy trusts, respondent urges that we look through form to substance and find that these trusts were not valid for income tax purposes. Respondent further maintains that the validity of the trusts under local law is not sufficient to prevent taxation of the income from the trusts to the petitioner.

The Supreme Court, in *Lyeth* v. *Hoey*, 305 U. S. 188, said:

\* \* \* Congress establishes its own criteria and the state law may control only when the Federal taxing act by express language or necessary implication makes its operation dependent upon state law.

Applying this statement of the law to the taxing act, there is a necessary implication that what is or is not a trust should be determined by application of the local law. Whether or not the donor of such a trust is subject to taxation on the income thereof under Federal law is another question. See *Blair* v. *Commissioner*, 300 U. S. 5.

All three trusts were set up in the State of New York. Trusts created for a short term of years but limited to the lives of two persons have been held valid by the New York courts. *Montignani* v. *Blade*, 145 N. Y. 111; *In re Andrews' Estate*, 232 N. Y. S. 198. The Palmer and Dunlevy trusts were limited upon the lives of the respective beneficiaries. Moreover, all the elements of a true trust were present. There was a declaration of trust, an acceptance of the trust by the trustee, and a transfer of the trust corpus to the name of the trustee. The trusts were binding upon petitioner and enforceable by the beneficiaries.

To support his contention that we should look through form to substance and hold the income of the two trusts taxable to petitioner, respondent relies on the case of *William C. Rands*, 34 B. T. A. 1107, where we held that a settlor who named himself trustee with broad powers of control over a short term trust was taxable on the income from the trust. In that case, however, the evidence indicated that the settlor did not intend to create a true trust or, if he did so intend, he merely established an obligation to hold the income in trust for the beneficiaries after it was derived by him from the securities.

The facts of the present case must be distinguished from those of the *Rands* decision. Here there is every indication that the petitioner intended to create true trusts. The beneficiaries needed financial aid. The trusts were the petitioner's solution for the problem.

Since the date of hearing of this proceeding the Supreme Court has handed down its decision in *Helvering* v. *Clifford*, 309 U. S. 331.

The Court there held that the grantor of a short term trust in favor of his wife retained such control as to remain substantially the owner of the corpus and the income was taxable to him under section 22 (a). The Court stated:

* * * the short duration of the trust, the fact that the wife was the beneficiary, and the retention of control over the corpus by respondent all lead irresistibly to the conclusion that respondent continued to be the owner for purposes of section 22 (a).

That case differed from the one at bar with respect to the possible or exercised control, the relationship of the beneficiaries, and the identity of the trustee. In the *Clifford* case the grantor was trustee, having extensive powers with regard to the trust corpus, and the beneficiary was his wife. In this proceeding petitioner was not trustee, he retained or exercised no control over the trust principal during the period of the trusts, and the beneficiaries were not members of his immediate family circle. The fact that these beneficiaries were relatives of petitioner is not sufficient to bring the trusts within the doctrine of the *Clifford* case.

Here the dividend checks which constituted the income of the trusts were made out in the names of the beneficiaries. Moreover, the Consolidated Gas Co. of New York, the stock of which formed the corpus of the Palmer and Dunlevy trusts, was notified of the trusts. Permanent dividend orders were executed requiring that the company pay the dividends to the beneficiaries in care of Mrs. Milbank.

Respondent contends that the formation of the Palmer and Dunlevy trusts amounted to nothing more than an assignment of the dividends from the preferred stock of the Consolidated Gas Co. We can not agree with this contention. The securities upon which the dividends were declared were transferred to the name of Katherine F. Milbank and transfer stamps were paid thereon. Moreover, as owners of the beneficial interests, the beneficiaries were entitled to the income and, in turn, paid a tax on the income.

There was no legal obligation of the petitioner to support his sister-in-law or uncle. For this reason the principles laid down by the Supreme Court in *Burnet* v. *Wells*, 289 U. S. 670, and *Douglas* v. *Willcuts*, 296 U. S. 1, are not applicable.

The trust instruments made no provision for distribution to or accumulation for the benefit of the grantor, and none of the income was used for such distribution or accumulation.

For the reasons mentioned above we hold that the income of the Palmer and Dunlevy trusts is not taxable to petitioner for the year 1934.

*Decision will be entered for the petitioner.*