**HELVERING, Commissioner of Internal Revenue, v. ACHELIS.**

**No. 28.**

Circuit Court of Appeals, Second Circuit.

June 24, 1940.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and L. W. Post, Sp. Assts. to Atty. Gen., for petitioner.

Charles S. McVeigh, of New York City (George M. Wolfson, Joseph W. Goodwin, and John A. Lyon, all of New York City, of counsel), for respondent.

Before L. HAND, CHASE, and PATTERSON, Circuit Judges.

PER CURIAM.

The Commissioner appeals from an order of the Board of Tax Appeals expunging a deficiency in income taxes assessed by him against the taxpayer for the years 1934 and 1935. On April 5, 1932, the taxpayer transferred some securities to two persons in trust to be held by them un-til December 31, 1937, or until her death if she died before that day; in December, 1934, she extended the possible duration of this trust to December 31, 1939. The trustees were to collect the income and pay it—after deducting necessary expenses—to a New York educational corporation. During the period of the trust the taxpayer had no power whatever over the property, and none over the trustees except to appoint a new one whenever there was only one in office. The Commissioner taxed the settlor on the theory that the income remained hers under § 166 of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Code § 166. The taxpayer appealed to the Board which expunged the deficiency, whereupon the Commissioner appealed to this court. While this appeal was pending, the Supreme Court decided that a trust for a limited period did not fall within § 166 of the Act of 1934, and that the Commissioner, who had expressly "waived reliance upon any section other than § 166", could not resort to § 22 (a) to secure a reversal. Helvering v. Wood, 309 U.S. 344, 60 S.Ct. 551, 553, 84 L.Ed. ——. That court had twice before held that a circuit court of appeals had no power to reverse the Board upon a point not raised before it. General Utilities Co. v. Helvering, 296 U.S. 200, 206, 56 S.Ct. 185, 80 L.Ed. 154; Helvering v. Salvage, 297 U.S. 106, 109, 56 S.Ct. 375, 80 L.Ed. 511. We are not sure whether the emphasis laid upon the express waiver in Helvering v. Wood, supra, was intended to affect the generality of the earlier doctrine. The Eighth Circuit in Helvering v. Hormel, 111 F.2d 1, reversed an order of the Board on a ground first taken before them, but they appear to have relied upon an earlier decision of their own, and not upon Helvering v. Wood, supra. Moreover, both the Third and the Fourth Circuits have treated the doctrine of General Utilities Co. v. Helvering, supra, as unchanged. Kraft v. Commissioner, 3 Cir., 111 F.2d 370; Rhodes v. Commissioner, 4 Cir., 111 F.2d 53. Until otherwise advised we shall assume that they are right, and that the point relied upon is not before us.

Here we might indeed stop; yet we think it permissible to say that Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. ——, does not cover the situation at bar. The rationale of that decision was that the nexus of powers reserved by the settlor so nearly approached

full dominion as to be its equivalent; the court did not suggest that the settlor of a trust could no so completely sever himself from the income of property, for a period —even a short period—as to make it no longer his. We should hesitate to assume that the contrary was intended. Probably it is true that this lady sought this means of enlarging the exemption of fifteen per cent. which the statute allowed her for educational gifts. By stripping herself for the period in question of all command whatever over the income, she succeeded; for it has been held again and again that the motive in such situations is irrelevant. Kraft v. Commissioner, supra.

Order affirmed.