ELIZABETH K. LAMONT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97407. Promulgated December 11, 1940.

*Percy W. Crane, Esq.,* for the petitioner.
*Leonard A. Spalding, Jr., Esq.,* for the respondent.

64

OPINION.

DISNEY: We have for consideration here, in substance, one-year trusts containing no power of revocation, with beneficiaries in part of charitable, educational, or religious organizations, and in part of individuals. In one trust the individual is not a relative of the trustor; in the other the individuals were the settlor's first cousins. However, none of the individuals were members of the settlor's household, and to none did the settlor owe any obligation of support. All were adults. The trustee was neither a relative of the settlor, nor a member of her household. He was, however, her intimate friend and attorney for many years and had for many years given her financial advice and managed her affairs.

Is the income of such trusts taxable to the settlor? The petitioner takes the view that the whole income was that of the two trusts. The Commissioner in determining the deficiency held that the trust income was that of the petitioner as settlor, "in accordance with the provisions of section 166 of the Revenue Act of 1934", and the regulations based thereon. Upon brief, he does not rely on section 166, his position being, first, that the trust income is taxable to the settlor under section 22 (a) of the Revenue Act of 1934; second, that there was in effect a mere assignment of future income by the petitioner; and, third, that certain capital gain reported by one of the trusts is taxable to the settlor under section 167 (a) (1) of the Revenue Act of 1934.

The petitioner admits that the trusts were set up for tax-saving reasons. That is immaterial, under authority too well settled to require citation.

Do the principles announced in *Helvering* v. *Clifford*, 309 U. S. 331, principally relied upon by the respondent, apply to the facts here involved? The petitioner contends in sum that the doctrine of family solidarity is there controlling, but is absent herein, while the respondent argues that, though not parallel in fact, the case in

principle is determinative here, where the trusts are for the short period of one year and the trustee, though not a member of the family group, is a long-time intimate friend and attorney and because of such relation is subject to the influence of the settlor in a manner and to an extent analogous to that of a member of the family in the *Clifford* case. In his view, the settlor in substance did not alter her position of control of the income, under section 22 (a) of the Revenue Act of 1934.

After review of the *Clifford* case and others touching this subject, we come to the conclusion that there is not evident in the trusts such retention of control by the settlor as to cause taxation of the trust income to her. The trusts were for a short period, but during that period they were irrevocable. Neither trustee nor beneficiaries were members of the settlor's family group, though in one trust three individual beneficiaries were her first cousins. She had no legal duty to support them. In the case of one trust, practically all of the income of the taxable year went to an educational corporation; in the other, approximately two-thirds of the income went to individuals and about one-third was accumulated for future distribution. The petitioner-settlor retained no discretion or power, save that of substitution of securities of equal value for those in trust. The respondent suggests that she might have destroyed the income of the trusts by substituting non-income-producing securities. We see no materiality in such a possibility. The trustee had full and complete discretion as to management and disposition of trust corpus, and of distribution among the beneficiaries. The respondent urges that she did make suggestions as to distribution of the income and that the trustee-attorney was in no position, in effect, to oppose her wishes. In fact, distributions were made in her absence and without her advice or consent, though it is plain that in general she knew what was being done, for the matters were discussed by her and the trustee. He would have felt free, he said, to disregard her wishes had he at any time considered her unwise. Though in fact such never occurred, it is not to be denied that the trust instrument gave him full freedom from control by the settlor. Though no doubt the fact of the relation of attorney and client and fees to be earned by the attorney or his firm in the settlor's affairs would have effect upon his mind, and we do not blind ourselves to such realities, nevertheless, we think the same may be said, in some degree, of almost any trustee which serves for hire. Disagreement with a settlor would, no doubt, in general be avoided, if reasonably possible. If the idea of family relationship and influence as involved in the *Clifford* case is to be extended, we see no line of demarcation, and the ordinary commercial trustee, such as a trust company, might

be said to be under the influence of its client-settlor. We think the Supreme Court in *Helvering* v. *Clifford*, *supra*, indicated a fair limit to consideration of influence upon the trustee in the absence of legal control in the trust instrument. "Where the grantor is the trustee and the beneficiaries are members of his family group, special scrutiny of the arrangement is necessary * * *." We can not believe that the Court intended to disregard the trust where neither of these circumstances is present and where, instead of the broad powers in the trustee-trustor there considered, the trustor has no discretion or power whatever, except to substitute securities of equal value. The respondent, however, relies also upon the shortness of the trust term, much shorter here than in the *Clifford* case, and urges that such element alone is sufficient to sustain his position here. The fact of short term is to be considered, under the *Clifford* case, but also under that case "no one fact is normally decisive," so we can and do consider it only as cumulative. We think the addition does not reasonably cause treatment of the income as that of the settlor. In *Helvering* v. *Achelis*, 112 Fed. (2d) 929, the court considered a trust of about five years, with an educational corporation as beneficiary, and no power over the property left in the trustor. Discussing the effect of the *Clifford* case, the court said in part:

> * * * The rationale of that decision was that the nexus of powers reserved by the settlor so nearly approached full dominion as to be its equivalent; the court did not suggest that the settlor of a trust could not so completely sever himself from the income of property, for a period—even a short period—as to make it no longer his. We should hesitate to assume that the contrary was intended. Probably it is true that this lady sought this means of enlarging the exemption of fifteen per cent which the statute allowed her for educational gifts. By stripping herself for the period in question of all command whatever over the income, she succeeded; for it has been held again and again that the motive in such situations is irrelevant. *Kraft* v. *Commissioner*, supra.

The respondent cites, with other cases found less parallel to this one, *Graham Sumner*, 40 B. T. A. 811, wherein was involved a one-year trust. But, as emphasized in the headnote to that proceeding, the settlor was trustee and the family group idea was present, since the trustor-trustee's wife was beneficiary. We said: "* * * here we have the minimum *indicia* of a separation of individual and trustee ownership." The case does not turn upon the thought of one-year trust. In *United States* v. *First National Bank of Birmingham*, 74 Fed. (2d) 360, a one-year trust was involved, with an educational foundation as beneficiary, and the income was held not to be that of the grantor, though it was contended that the grantor exercised power to possess and use the net income for his own purposes. In *Benjamin F. Wollman*, 31 B. T. A. 37, the trust was for one year

and the income was held to be that of the trustor, but the trustor was trustee, his wife was beneficiary, and broad powers were exercised by the trustor. In *Dunlevy Milbank*, 41 B. T. A. 1014, we held that two short term trusts, one of three years and one of five years, with grantor's sister-in-law and uncle as beneficiaries, respectively, and his wife as trustee, were not within the scope of the *Clifford* case, distinguishing it with respect to control retained by the grantor's relationship of beneficiaries and identity of the trustee. We pointed out that the beneficiaries were not of the grantor's immediate family circle, and there was no duty on the part of grantor to support them; also that the grantor was not trustee and retained no control over trust principal.

We conclude and hold, upon consideration of the term of trust, and relationship of trustor, trustees, and beneficiaries and the powers remaining in the trustor, that such elements of ownership did not remain in the trustor as to require taxation of the income to her under the broad terms of section 22 (a) of the Revenue Act of 1934.

We next consider whether the trusts here involved constituted mere assignments of income. The respondent relies chiefly upon *Lucas* v. *Earl*, 281 U. S. 111, and *Burnet* v. *Leininger*, 285 U. S. 136. The petitioner points out that they involve true assignments of future earnings, and not property from which income is derived, as here placed in trust. He cites *Nelson* v. *Ferguson*, 56 Fed. (2d) 121, and comments upon *Blair* v. *Commissioner*, 300 U. S. 5, as indicative that an assignment by a beneficiary under a trust was one of a property right in the trust corpus, and not merely of income. Here there was also assignment of property, to wit, stock and bonds, in trust, in due form of law, and the income involved is derived therefrom. We conclude and hold that there was no mere assignment of income, and that the petitioner is not taxable with the income upon such theory.

Lastly, we have for consideration the position of $1,293.45 capital gain reported by the second or "Y. W. C. A." trust. The respondent takes the position that such capital gain must be treated as principal and returned to the petitioner at the termination of the trust, and that therefore under section 167 (a) (1) of the Revenue Act of 1934,[1] the income is taxable to the grantor-petitioner. The trustee's income tax report for the year 1935 included $1,293.45 as taxable

---

[1] SEC. 167. INCOME FOR BENEFIT OF GRANTOR.

(a) Where any part of the income of a trust—

(1) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, held or accumulated for future distribution to the grantor;

\* \* \* \* \* \* \*

then such part of the income of the trust shall be included in computing the net income of the grantor.

gain "retained by Trustee as income accumulated for future distribution and reported by the Trustee as taxable to him." The petitioner was a resident of New York. The law of that state is that capital gains received by a trust constitute corpus, in the absence of provision in the trust instrument. No provision of the trust instrument indicates otherwise. The evidence shows that the parties to the trust instrument interpreted it as providing that capital gains should be corpus. The capital gains were not actually distributed to the beneficiaries. We conclude therefore that such capital gains were, within the purview of section 167 (a) (1) of the Revenue Act of 1934, "held or accumulated for future distribution to the grantor," who took the principal of the trust upon termination thereof; and that therefore the amount of such capital gain was properly included in computing the petitioner's net income.

*Decision will be entered under Rule 50.*