## COMMISSIONER OF INTERNAL REVENUE v. CHAMBERLAIN.

### No. 213.

Circuit Court of Appeals, Second Circuit.

July 22, 1941.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and L. W. Post, Sp. Assts. to Atty. Gen., for petitioner.

Ferdinand Tannenbaum, of New York City (Walter F. Sloan, of New York City, of counsel), for respondent.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

CHASE, Circuit Judge.

The Commissioner included in the taxable income of the respondent for the year 1934 the income of a trust the respondent had created for the period and purposes later stated herein. The Board of Tax Appeals held that such trust income was not taxable to the respondent and the Commissioner brought this petition to review that decision.

None of the relevant facts are in dispute. On March 7, 1934, the respondent transferred in trust certain property to Thomas I. Parkinson and himself as trustees who were to pay over the net income to the trustees of Columbia University in the City of New York to be applied by them to the payment of the expenses of the Legislative Drafting Research Fund. Mr. Parkinson was president of the Equitable Life Assurance Society of the United States and a professor of law at Columbia University. The trust indenture provided that the trust should be measured by the lives of the trustees but should not continue beyond the period of four years from the date of its creation and its duration was further conditioned upon the application by the Trustees of Columbia University of the income to the purposes stated in the indenture. When the trust terminated the trustees were to pay over the principal and any accumulations to the respondent, if living, otherwise to the executors of his last will and testament. The trustees were authorized to invest and reinvest the trust property in their discretion without necessarily confining themselves to investments of the character permitted by law and all stock or extraordinary cash or other dividends received were to be retained as principal. They were not required to

set up any sinking fund to retire or preserve any premiums in the case of securities taken or purchased by them at a premium. They were given many expressly stated broad powers as to the voting of stock and payment of subscriptions and assessments and were authorized "generally to exercise in respect of all stocks, bonds or other investments held by the Trustees hereunder, all rights, powers and privileges as are or may be lawfully exercised by any person owning similar property in his own right, provided, however, that the Trustees shall not be required to make any of the payments herein provided except from the principal of the trust funds, or from funds furnished for that purpose by the Grantor." The trustees were not to be required to furnish any bond and if either ceased to act as a trustee the other was given the power in his sole discretion to nominate and appoint a successor; but if no such nomination was made no successor was to be appointed. The net income of the trust in 1934 was paid to the trustees of Columbia University. This was the income the Commissioner included in that of the respondent for that year to create the deficiency which the Board expunged.

■ The Commissioner relies now upon the general definition of gross income in Sec. 22(a) of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts, page 669, to support his determination of the deficiency although he did not urge that ground before the Board and the respondent has made the point that such a position is untenable. Since this petition was filed, however, the question has been set at rest by the Supreme Court in Hormel v. Helvering, 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. ——. The Commissioner may, therefore, rely upon the statute now though he did not before the Board.

■ Even so, we think, though not without some doubt, that the Board was right. This trust was not created to serve as a means for the transferrence of any of the respondent's income to benefit his immediate relatives. It was, of course, a short term trust whose corpus was but temporarily removed from the ownership of the donor but was, nevertheless, unlike that considered either in Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788, or in Hormel v. Helvering, supra, in that here no inter-family distribution of income was brought about to satisfy the natural desires of the donor in that respect and gain for him whatever intangible benefit might flow therefrom. To be sure, if the dictum found in Helvering v. Horst, 311 U.S. 112, 117, 61 S.Ct. 144, 85 L.Ed. 75, 131 A.L.R. 655, is to be taken as the law, it is broad enough to cover the situation here for we see no possible way to distinguish tax-wise a trust to carry over income for a comparatively short time to a Legislative Research Fund from one to do the same thing by way of a campaign or community chest contribution but we cannot believe the Horst case means that every settlor of a trust is taxable upon whatever part of its income is applied to purposes the furthering of which gives him some satisfaction. Nor can there, in view of Helvering v. Eubank, 311 U.S. 122, 61 S.Ct. 149, 85 L.Ed. 81, be any difference in the result from the standpoint of taxation where the corpus which produced the income is retained by the donor and where it is not.

We think the substantial difference between this case and Helvering v. Clifford, supra, where there was a family purpose trust or Helvering v. Horst, supra, where there was a family purpose gift, lies in the fact that here there is no such family flavor. Moreover, there was here a co-trustee bound to see to it that the trust should continue for the period of its creation and the income be applied in accordance with the indenture during that time regardless of any other considerations. He must be treated as having such a substantial adverse interest that Loeb v. Commissioner, 2 Cir., 113 F.2d 664, is not applicable. Nor are the broad management powers given the trustee alone sufficient to make the income taxable to the respondent. Commissioner v. Branch, 1 Cir., 114 F.2d 985, 132 A.L.R. 839; Helvering v. Palmer, 2 Cir., 115 F.2d 368. On the contrary, the situation here is akin to that in Helvering v. Achelis, 2 Cir., 112 F.2d 929, which supports the decision of the Board.

Decision affirmed.