## PIERCE v. UNITED STATES.

### Civil Action No. 504.

District Court, D. Minnesota,
Fourth Division.

March 11, 1942.

Guy Chase (of Kellogg, Morgan, Chase, Carter & Headley), of St. Paul, Minn., for plaintiff.

Victor E. Anderson, U. S. Atty., and Linus J. Hammond, Asst. U. S. Atty., both of St. Paul, Minn., for defendant.

NORDBYE, District Judge.

On all the files and records herein and the evidence adduced at said hearing, the Court makes the following:

### Findings of Fact.

I. Plaintiff is a citizen of the State of Minnesota and resides in this district and division.

II. Plaintiff, by deed of trust executed on March 7, 1935, assigned, transferred and delivered to Earle V. Pierce, as trustee, 6,000 shares of voting trust certificates for shares of Cream of Wheat Corporation, in trust to collect the income thereon, invest and reinvest the trust estate in property or securities approved by the grantor, with power to sell and convey the trust estate, exercise subscription rights with respect to said shares and in case of reorganization to participate therein, and employ attorneys and agents to assist in performing his fiduciary duties. An exculpatory clause exempts the trustee from liability for loss except in consequence of willful and deliberate violation of duty. The deed provides that the net income shall be "distributed, paid, applied and used by the trustee solely and exclusively to and for religious, charitable or benevolent and educational institutions, uses and purposes," but not to any organization, the net earnings of which inure to any private shareholder or individual or a substantial part of the activities of which is carrying on propaganda or otherwise attempting to influence legislation. It also provides that the accounts and records of the trustee shall always be open to inspection by the grantor and by the Attorney General of the State of Minnesota, and requires written reports to the grantor each calendar year. It provides, in case of vacancy in the office of trustee, that the gran-

tor shall become and perform the duties of the trustee, or that she may appoint a successor trustee or trustees to administer the trust, and in case of her declination to serve and her failure to appoint a successor, it is provided that the vacancy shall be filled by appointment to be made by the District Court of Hennepin County, Minnesota, upon petition of the Attorney General of Minnesota. The deed also provides that the grantor or any other person may add property to the trust estate. By paragraph (6) of the trust it is provided that the initial term of the trust shall be to and including December 31, 1944, and, at the grantor's election, the trust may be continued (subject to the contingent limitations hereinafter stated) for an additional term of five years thereafter; and then provides that in the event of the death of either the grantor or said Earle V. Pierce prior to the expiration of said term or extended term, or in the event of the legal incapacity of said Earle V. Pierce, the trust shall terminate upon such death or the happening of such legal incapacity. At the termination of the trust, the full principal of the trust estate shall revert to the grantor if living, or, if deceased, then to her estate; and at the termination of the trust the undistributed or unused net income, if any there be, shall be distributed, paid, applied and used for the religious, charitable or benevolent and educational institutions, uses and purposes hereinbefore stated. The grantor reserves the power to alter the terms and provisions of the trust "only to such extent and for such purposes as may hereafter appear reasonably necessary or advisable in order to fully carry out the religious, charitable and educational purposes hereinbefore expressed; but in no event shall the trust property revest in the grantor otherwise than as provided in paragraph (6) of this instrument." The instrument, for convenience, designates the trust as the "Earle and Elinore Pierce Charity Trust."

III. Plaintiff made and filed with the Collector of Internal Revenue a gift tax return under the Act of Congress with respect to said transfer and delivery of said property in trust as aforesaid. The trustee of said trust has made and filed with the Collector of Internal Revenue annual fiduciary returns of income received and his disbursements therefrom. The trustee has not received or charged, and testified that he intends neither to take nor charge, any compensation for his services in the administration of the trust. The expense of administering the trust has been only one small charge by a bank for a service performed. The trustee has kept books of account with respect to the income and his disbursement of the trust funds, all of which have been handled in and through a bank wholly separate and apart from the bank in which the plaintiff and her husband have any account. The distributions by the trustee of the trust funds in 1935, 1936 and 1937 have been to some fifty-five to sixty charitable, religious, and educational institutions or to officers or agents thereof for such uses and purposes, in each case the officer or agent having been directed to make account to his institution for the funds received from the trustee. All of the trust income has been so distributed from time to time excepting relatively small sums retained for a working bank balance. Neither the plaintiff nor her husband has at any time received, directly or indirectly, any part of the income of said Charity Trust, nor any benefit or consideration from said Earle and Elinore Pierce Charity Trust or from any institution to or for the use of which said Charity Trust income has been distributed. There has been no sale, exchange or other disposition of the corpus of the trust except that in 1939, at the expiration of the voting trust under which such voting trust certificates (the original corpus of the Charity Trust) were issued, the trustee of the Charity Trust surrendered said voting trust certificates and received in exchange certificates representing 6,000 shares of the capital stock of Cream of Wheat Corporation. Said trustee, who is a clergyman, is the husband of plaintiff, the grantor of said trust. They reside together at Minneapolis, Minnesota, and have had no child. Plaintiff's husband has also for many years given personal attention to all her businesss matters, including reviews of all her tax returns.

IV. The amount of the income of said Earle and Elinore Pierce Charity Trust in said several tax years 1935, 1936 and 1937 was $9,000, $13,500 and $12,000, respectively.

V. After plaintiff had made and filed her income tax returns for the years 1935, 1936 and 1937, and paid the income tax liability shown by said returns, she received from Arthur D. Reynolds, Collector of Internal Revenue for the Revenue District of Minnesota, notices and demands for the payment of additional income taxes for said

years and for interest on the additional income taxes, as follows:

(a) For the tax year 1935, an additional tax of $2,657.13, and interest thereon in the amount of $568.92.

(b) For the tax year 1936, an additional tax of $3,978.19, and interest thereon in the amount of $573.95.

(c) For the tax year 1937, an additional tax of $3,151.25, and interest thereon in the amount of $352.35.

The plaintiff, being without other remedy and compelled to pay said sums to avoid distraint, paid to said Collector said sums so demanded, namely, $3,226.05 on October 16, 1939, $4,552.14 on August 12, 1939, and $3,503.60 on February 1, 1940.

VI. Said additional income taxes and said interest thereon, paid as aforesaid, as to which plaintiff filed claims for refundment as stated below, arose upon and were assessed solely by reason of action of the Commissioner of Internal Revenue who, in computing plaintiff's net income in said tax years, included in her gross income said sums, to wit, $9,000 for 1935, $13,500 for 1936, and $12,000 for 1937, that constituted the full income of said Earle and Elinore Pierce Charity Trust in said tax years.

VII. All determinations and adjustments made by the Commissioner of Internal Revenue in determining the income tax liabilities that resulted in the additional taxes aforesaid have been agreed to by plaintiff except the inclusion with her income of the income of said Earle and Elinore Pierce Charity Trust, in computing her income tax liability for said years.

VIII. On October 18, 1939, plaintiff filed with the Commissioner of Internal Revenue her claim for the refundment of $1,664.42 of said additional tax for the year 1935 assessed and collected as aforesaid and for the refundment of $356.37 of interest on said tax for 1935 assessed and collected as aforesaid; and, further, her claim for the refundment of $2,944.53 of said additional tax for 1936 assessed and collected as aforesaid, and for the refundment of $424.82 of interest on said tax for 1936 assessed and collected as aforesaid; and on February 3, 1940, plaintiff filed with said Commissioner her claim for the refundment of $2,405.77 of said additional tax for 1937 assessed and collected as aforesaid, and for the refundment of $268.92 of said interest on said tax for 1937 assessed and collected as aforesaid, but no part of

said claims has ever been paid. Said claims were rejected by letter of said Commissioner to plaintiff dated and mailed on September 11, 1940.

IX. The amount of additional income taxes for the year 1935 assessed by reason of the inclusion of the income of said trust in computing the income tax, and the amount of interest thereon, assessed by the Commissioner against plaintiff and paid by plaintiff as aforesaid, was the sum of $2,020.79; the amount of additional income taxes for the year 1936 assessed by reason of the inclusion of the income of said trust in computing the income tax, and the amount of interest thereon, assessed by the Commissioner against plaintiff and paid by plaintiff as aforesaid, was the sum of $3,369.35; and the amount of additional income taxes for the year 1937 assessed by reason of the inclusion of the income of said trust in computing the income tax, and the amount of interest thereon, assessed by the Commissioner against plaintiff and paid by plaintiff as aforesaid, was the sum of $2,674.69.

The Court makes the following:

### Conclusions of Law.

1. Said trust is not revocable and there exists no power to revest in the plaintiff, the grantor of said trust, title to any part of the corpus of the trust during the term thereof.

2. No part of the income of said trust may be held or accumulated for future distribution to the grantor, or distributed to the grantor, or applied to the payment of premiums upon policies of insurance on the life of the grantor.

3. Plaintiff has not received and is without right to receive, directly or indirectly, any part of the income of said trust or any benefit therefrom.

4. Plaintiff has no dominion or control over the corpus or the income of said trust.

5. It was erroneous on the part of the Commissioner of Internal Revenue to include the income of said trust in computing the net income of the plaintiff for said years.

6. It was erroneous on the part of said Commissioner to assess income taxes against plaintiff for said years on the amounts of the income of said trust in said years.

7. The plaintiff is entitled to judgment against the defendant in the sum of $8,-

064.83, together with interest on $2,020.79 from and after October 16, 1939, and interest on $3,369.35 from and after August 12, 1939, and interest on $2,674.69 from and after February 1, 1940, as provided by law.

Let judgment be entered for plaintiff accordingly.

An exception is allowed to the defendant.

### Memorandum.

 After due consideration, I conclude that the Commissioner was not justified in determining that the trust income should be taxed to the settlor. That the trust is valid is not subject to doubt. See Mason's Minnesota Statutes 1927, Sections 8090-1 and 8090-4; In re Estate of Lundquist, 1935, 193 Minn. 474, 259 N.W. 9; Gossett v. Swinney, 8 Cir., 1931, 53 F.2d 772.

The Government's chief contention is that the trust income is the income of the settlor within the meaning of Section 22(a) of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Code § 22(a). It relies upon a group of cases which are concerned with short-term family trust situations. In some of them, the settlor named himself trustee, while in others, an outside trustee was named. In all of them, the settlor retained some control over the management and disposition of the trust property. Furthermore, in all of the cases the benefits were received by some member of the settlor's family. The rationale of all of these decisions is that the transaction was but a temporary reallocation of income within an intimate family group. In the instant case, there was no economic benefit resulting to the settlor, her husband, or any other member of her family. The term of the trust is clearly ten years. The settlor has reserved no control over the management of the trust property. True, there is language in Helvering v. Horst, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75, 131 A.L.R. 655, to the effect that it is the ability to satisfy one's desires, whether economic or noneconomic, that determines whether income has been received, but, as stated by the court in Commissioner v. Chamberlain, 2 Cir., 1941, 121 F.2d 765, 766:

" * * * We cannot believe the Horst case means that every settlor of a trust is taxable upon whatever part of its income is applied to purposes the furthering of which gives him some satisfaction."

There is, moreover, a substantial distinction between the Horst case and the case at bar. Here, there is no family purpose or benefit, and here there was a complete transfer of the interest-producing property to the trustee. The following cases support the views expressed herein: Commissioner v. Branch, 1 Cir., 1940, 114 F.2d 985, 132 A.L.R. 839; Jones v. Norris, 10 Cir., 1941, 122 F.2d 6; Commissioner v. Jonas, 2 Cir., 1941, 122 F.2d 169; Commissioner v. Chamberlain, supra; Helvering v. Achelis, 2 Cir., 1940, 112 F.2d 929; Lamont v. Commissioner, December 11, 1940, 43 B.T.A. 61.

Let this memorandum be made a part of the foregoing findings of fact and conclusions of law.