**COMMISSIONER OF INTERNAL REVE-
NUE v. LAMONT.**

No. 201.

Circuit Court of Appeals, Second Circuit.

April 24, 1942.

Carolyn Agger, Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch and Michael H. Cardozo IV, Sp. Assts. Atty. Gen., all of Washington, D. C., for petitioner.

Winthrop, Stimson, Putnam & Roberts, of New York City (Percy W. Crane, of New York City, of counsel), for respondent.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

The question presented by this appeal is whether the 1935 income of two trusts created by the respondent is taxable to her under the provisions of section 22(a) of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.

Acts, page 669. The trusts were originally set up in 1928 and 1931, respectively, and each was for a term of approximately one year unless terminated earlier by the settlor's death. The term of each trust was successively extended year by year by written extensions of approximately one year each. Upon termination the trust corpus was to revert to the settlor or, if the trust were dissolved by her death, to her estate. The trust income was to be distributed in the discretion of the trustee among specified charitable institutions and individuals. The individual beneficiaries were adult persons who were not members of the settlor's household nor closely related to her—three of them were her first cousins—and to none of whom did she owe any legal duty of support. The trustee was a personal friend who had served her as attorney and financial adviser for many years. Both trusts were admittedly created for the purpose of minimizing the settlor's tax burden by means of excluding from her taxable income the trust income distributed to the individual beneficiaries, or increasing the exemption for gifts to charitable institutions. By the terms of the trust deeds the trustee had complete powers of management, sale and reinvestment of the trust corpus; the settlor, however, reserved the power to withdraw any of the securities held in trust upon substituting others of equivalent value. While the trustee had absolute discretion in the matter of distributing the trust income among the named beneficiaries, the distributions made by him have in fact generally been in accord with the settlor's wishes. Toward the end of each year he would ascertain from her what payments she had made on her own account to certain of the charitable institutions and individual beneficiaries, so that he might "supplement" what she had done, and from time to time she would ascertain what income he had distributed; but the trustee was entirely free to make distributions to any of the benficiaries without consulting her. In the year 1935 the trustee distributed the entire net income of the 1928 trust to Lamont Memorial Library. Part of the 1935 income of the 1931 trust was distributed to two of the cousins and part was retained for future distribution and was reported by the trustee as taxable to him. The commissioner determined that no tax was owing by the trustee and surcharged the respondent's return by including in her gross income the taxable in-

come of both trusts. This resulted in the deficiency which the Board expunged.

 The Board was of the opinion that the rule of Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788, was inapplicable because neither the trustee nor the beneficiaries were members of the settlor's family group, and that the commissioner's contention that the trusts really constituted merely assignments of income could not prevail in the face of Blair v. Commissioner, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465. With neither conclusion are we able to agree. Disregarding technical considerations of the law of property and trusts, as we are constrained to do under recent Supreme Court decisions, it seems clear that the extension of the trusts from January 10, 1935, to January 10, 1936, did not affect any substantial change in the settlor's actual control over corpus or income of the securities held by the trustee. Though lacking legal power to control his discretion, there is little doubt that she could have her way in directing the disposition of income between the possible beneficiaries. Cf. Commissioner v. Barbour, 2 Cir., 122 F.2d 165, 167. She also retained substantial control over investment by her power to substitute securities of her own choosing for those comprising the corpus of the trust. As the trust was to last but a year (or less in case of her death) it was in effect but an "anticipatory arrangement" by which she gave away the income to accrue on securities which she continued to own through retention of the reversion. See Helvering v. Horst, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed 75, 131 A.L.R. 655; Harrison v. Schaffner, 312 U.S. 579, 61 S.Ct. 759, 85 L.Ed. 1055. In the case last cited, where the life beneficiary of a testamentary trust "assigned" to her children specified amounts out of the income of the trust for the year following the assignment, it was held that the amounts assigned were taxable income to the assignor. The decision did not turn on the fact that the assignees were children of the assignor, and the opinion clearly intimates, 312 U.S. at page 583, 61 S.Ct. at page 762, 85 L.Ed. 1055, that "a gift of income in a specified amount by the creation of a trust for a year" would have been equally ineffectual in avoiding the tax. In the light of the Supreme Court decisions we think the order of the Board must be reversed. It is true that in Helvering v. Achelis, 2 Cir., 112 F.2d 929, we expressed the view that by

setting up a four year trust for a charitable institution the settlor had effectually parted with the income; and we so held in Commissioner v. Chamberlain, 2 Cir., 121 F.2d 765. Whether those cases can survive the recent pronouncements of the Supreme Court we need not now determine. They are at least distinguishable from the case at bar because of the shortness of the term and differences in provisions of the trust instruments now under consideration.

Order reversed.