**HELVERING, Com'r of Internal Revenue, v. BOK.**

**No. 8147.**

Circuit Court of Appeals, Third Circuit.

Argued Nov. 19, 1942.

Decided Dec. 9, 1942.

---

L. W. Post, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and J. Louis Monarch, Sp. Assts. to Atty. Gen., on the brief), for petitioner.

Truman Henson, of New York City, for respondent.

Before BIGGS, MARIS, and GOODRICH, Circuit Judges.

GOODRICH, Circuit Judge.

This is a proceeding to review a decision of the Tax Court of the United States, at the time of the decision the Board of Tax Appeals. It concerns an alleged deficiency in the taxpayer's income taxes for the year 1937 and arises under § 22(a) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 825. The point in controversy is whether the income of a trust called the "Caledonia Trust" is to be included as part of the gross income of the taxpayer. The trust was originally created in 1932 for a period of three years with reversion of the corpus to the taxpayer.[1] In November, 1934 the term of the trust was extended to September, 1938 with similar provisions for the reversion. In December, 1937 the trust was extended to run to the death of the taxpayer with remainders over to charity. All four indentures carried a specific provision that the trust was irrevocable.

The corpus of the trust consisted of certain shares of corporate stock. Power to change the investment was, by the terms of the indenture, vested in the trustees. In case of death or resignation of any trustee those remaining were authorized to choose successors. The trustees were three in number: Two of them were adult sons of the settlor; the third was not related to the taxpayer or either of the two other trustees. The beneficiaries were a charitable corporation and certain designated individuals, none of whom the taxpayer was under any legal duty to support. Subject to certain limitations, the trustees were empowered to use their own discretion in the distribution of the income of the trust to the named beneficiaries.

This court has had occasion recently to consider the application of § 22(a)[2] to the income of various trusts created by taxpayers. Commissioner of Internal Revenue v. Brown, 3 Cir., 1941, 122 F.2d 800; Brown v. Commissioner of Internal Revenue, 3 Cir., 1942, 131 F.2d 640; Cory v. Commissioner of Internal Revenue, 3 Cir., 1942, 126 F.2d 689, certiorari denied, 1942, 63 S.Ct. 34, 87 L.Ed. ——. This appeal raises the same legal questions under another variation in the facts.

The taxpayer's initial argument is that the question is one of fact and having been decided in her favor below is not reviewable here if the finding is based upon substantial evidence. With this contention we do not agree for the reasons stated in the second opinion in Brown v. Commissioner of Internal Revenue, supra.

Argument for the Commissioner urges strongly upon us the decision of the Second Circuit in Commissioner of Internal Revenue v. Lamont, 1942, 127 F.2d 875, which he urges does not differ in any material respect from the instant one. We think differently. The legal conclusion as to whether a settlor retains substantial ownership in any of these trust cases so that the trust income is taxable to him necessarily depends upon the facts from which the conclusion of substantial ownership may be drawn. This case differs from that of Lamont in several respects: (1) In the Lamont case the settlor retained substantial control over investments since she could withdraw and substitute securities. That power does not exist in this case because by the terms of the instrument it is exercisable only by the trustees. This difference seems to us highly important because the power to withdraw and substitute certainly shows continuous control by the settlor. Certainly such control is one of the important attributes of ownership. (2) Although in both cases the distribution of the income to named beneficiaries was left to the discretion of the trustees it was stated by the court in the Lamont case that the distributions in fact were generally made in accordance with the settlor's wishes and that actually there was little doubt that she could control the disposition of the trust income among the designated bene-

---

[1] There was a provision that in case of death of the taxpayer prior to the expiration date the reversion was to be to her estate.

[2] Note that while the cases have arisen under various Revenue Acts the wording of the section is the same.

ficiaries. In this case there is no evidence whatever that the settlor even expressed any opinion to the trustees concerning distribution, much less that the latter followed it. (3) There are other differences in fact, although their legal significance may be of little importance. In the Lamont case the trusts were for the express purpose of minimizing taxes; there is no such evidence in this case. This point is mentioned because the fact that the settlor's taxes were lessened by the trust seems to have been made a point in the case before the Board. Further, the trust in the Lamont case was for one year; this one was for three. We do not think this fact is of controlling importance either.[3] As this court has previously said we are not bound by the calendar.[4] But in all these cases under § 22(a) the fact of the shortness of the term seems to be talked about. It may be granted that a three year trust is still a short term trust; at any rate, it is three times as long as a one year trust. The important differences between the set of facts before us and the Lamont case are the first two points already mentioned.

The argument for the Commissioner urges that there is little doubt that the taxpayer here could have had her way in directing the distributions, pointing out that the trustees had no substantial adverse interests and would not have been apt to disregard the wishes of the settlor. There is no evidence, however, to show that the settlor did in fact control the operation of the trust. While not set out as a formal finding, the Board states that the settlor "did not retain the semblance of control of the trust corpus, income, or operation." We do not, ourselves, see how control by the settlor as a matter of legal power can be found in an instrument which vests this control in the trustees. Nor can we assume the settlor did in fact exercise control nor had it within her power to do so without a scintilla of evidence upon which to base the assumption. Nor is this a case where any problem is raised of realloca-

tion of income within a family group. The beneficiaries were all outsiders in the sense that the settlor was under no duty to aid them in any way. Nor were any of them members of the settlor's immediate family, nor, so far as the record shows, were they in such a situation that the settlor's wish would be equivalent to a command.

The case for the Commissioner, as the Board in its opinion points out, really comes down to the contention that the income of every short term trust shall be taxed to the settlor of the trust. To hold the income of this trust taxable to the settlor under the circumstances present would go far beyond Helvering v. Clifford, 1940, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788 and the cases which have followed it. In the absence of legislation making such an extension we are not justified in going that far.

The decision of the Board of Tax Appeals is affirmed.

---

[3] "In drawing the line, [as to the term of the trust], however, it should be noted that income of trusts for one year, [the decision in the Lamont case, before the Board, 1940, 43 B.T.A. 61, reversed on appeal] and three years, or until the wife's death, whichever first occurs, and four years, five years, or until grantor's death, whichever contingency shall first occur, ten years, and twenty years has

been held not taxable to the grantor, whereas income of trusts for a year and a day, two years, five years, six years, three years, ten years, and for the lifetime of the grantor's wife, has been taxed to the grantor." 6 Mertens, Law of Federal Income Taxation (1942) pp. 372, 373.

[4] Cory v. Commissioner of Internal Revenue, supra.