*Decision will be entered under Rule 50.*

RUTH S. CLARK, PETITIONER, *v.* COMMISSIONER OF INTERNAL, REVENUE, RESPONDENT.

HAZEL S. RUTHERFORD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 29011, 29081. Promulgated February 20, 1952.

1358

*Hubert L. Will, Esq.*, for the petitioners.
*William Schwerdtfeger, Esq.*, for the respondent.

OPINION.

BLACK, *Judge:* The issue before the Court is whether the dividends received on 15,000 shares of stock by the trusts are taxable income to each grantor-petitioner under section 22 (a) of the Internal Revenue Code and the doctrine of *Helvering* v. *Clifford, supra.*

In his determination of the deficiencies the Commissioner also included in the income of petitioners the dividends from 1,200 shares

of Keystone Steel & Wire Company which each petitioner conveyed in trust to the Foundation by a trust indenture dated June 29, 1943, and which was irrevocable until June 29, 1953, or a period of 10 years. The respondent now concedes that the dividends from these 1,200 shares amounting in each case to $3,420 are not taxable to petitioners because each trust had a duration of 10 years. Respondent still contends, however, that the dividends from the 15,000 shares which each petitioner conveyed in trust to the Foundation on December 1, 1941, for a period of 5 years and which in each case on December 1, 1942, were continued until December 1, 1951, or 9 years from the date of continuance, are taxable to petitioners under the doctrine of the *Clifford* case, *supra.*

The beneficiary of the trusts here involved is a charitable corporation recognized under section 23 (o) (2) of the Code. Petitioners received no benefits directly or indirectly from the trusts. Under the terms of the trusts petitioners retained no powers of disposition of income or corpus by revocation, alteration, or otherwise. Petitioners were not on the board of directors of the Foundation-trustee-beneficiary and have not attempted to control its decisions. Of the nine board members, only three appear to be related to petitioners. The Foundation had complete control of the administration of, and distributions from, the trusts.

The trusts were originally created on December 1, 1941, being irrevocable at least until December 1, 1946. On December 1, 1942, the trusts were extended, as we have already stated, so as to be irrevocable at least until December 1, 1951. The terms of the trusts were for a period to enable the Foundation to meet the initial large nonrecurring costs in the establishment of a home for the aged. The war and subsequent information resulted in the extension in 1942. During the period since the trusts were created a 125-bed home has been built and is now occupied by inmates.

The question of law before the Court is whether the settlor-petitioners should be taxed on the charitable trust income solely because the duration of the trust is 9 instead of 10 years, since the settlors have given up all other economic and legal aspects of ownership. Respondent concedes in his brief that if the trusts in question were for a period of 10 years, the income therefrom is not taxable to petitioners. Respondent contends that under the Clifford regulations, Regulations 111, section 29.22(a)–21, these trusts are 9-year trusts and taxable. The applicable sections are printed below.[1]

---

[1] SEC. 29.22 (a)–21. TRUST INCOME TAXABLE TO THE GRANTOR AS SUBSTANTIAL OWNER THEREOF. * * *

* * * * * * *

(c) REVERSIONARY INTEREST AFTER A RELATIVELY SHORT TERM.—Income of a trust is taxable to the grantor where the grantor has a reversionary interest in the corpus or the

However, the decision here is controlled by court decisions on short term charitable trusts. In *Mary Louise Bok*, 46 B. T. A. 678, affd. 132 F. 2d 365, the settlor was not taxed on the income of a charitable trust, originally for a period of 3 years. At the end of 2 years the trust extended for an additional 3 years, or a total of 6 years. The trustees were two adult sons of the settlor and an unrelated third individual. The settlor reserved no control over the trust. In holding that the settlor was not taxable on the trust income we said:

Here the corpus of the trust consists of a definite, determinable estate in property. It was conveyed irrevocably in trust. No power of control was reserved by the petitioner, as grantor. It is a charitable trust. The beneficiaries were a charitable corporation and 33 aged, infirm, and needy individuals to whom petitioner owed no obligation of support. The normal expenditure of the income received by these beneficiaries could result in no economic benefit to petitioner. Any benefit petitioner may have received as a result of this transfer occurred upon the transfer to the trust. * * *

The circuit court in affirming our decision said on page 367:

The case for the Commissioner, as the Board in its opinion points out, really comes down to the contention that the income of every short term trust shall be taxed to the settlor of the trust. To hold the income of this trust taxable to the settlor under the circumstances present would go far beyond *Helvering* v. *Clifford*, 1940, 309 U. S. 331, 60 S. Ct. 554, 84 L. Ed. 788 and the cases which have followed it. In the absence of legislation making such an extension we are not justified in going that far.

In *United States* v. *Pierce*, 137 F. 2d 428, a charitable trust was initially established for 9 years and about 9 months. The trustee was given full control of the trust properties, except that the settlor reserved the right to approve securities in which the trustee might invest the trust property. The court held that the income was not properly taxable to the settlor. In commenting on the specific question as to the term of the trust, the court stated on page 432:

The term of the trust was nearly ten years, subject only to prior termination by events which were beyond the settlor's control, and which might not occur within the term as originally fixed or as later extended. The term of the trust was not so short, taken alone or in connection with other circumstances in the case, as to compel the inference that the settlor had not parted with the beneficial ownership of the trust principal, * * *.

Similarly in *Commissioner* v. *Chamberlain*, 121 F. 2d 765, affirming a Memorandum Opinion of the Tax Court, the court pointed out

income therefrom which will or may reasonably be expected to take effect in possession or enjoyment—
    (1) within 10 years commencing with the date of the transfer, or
*     *     *     *     *     *     *

Any postponement of the date specified for the reacquisition of possession or enjoyment of the reversionary interest is considered a new transfer in trust commencing with the date on which the postponement is effected and terminating with the date prescribed by the postponement. But income for any period shall not be taxable to the grantor by reason of the preceding sentence if such income would not be taxable to him in the absence of such postponement.

that the absence of a family purpose and the presence of a cotrustee were sufficient to relieve the settlor of taxability on the income notwithstanding the short duration of the trust (4 years) and the broad management powers given to the trustees, of whom the settlor was one. See also *Helvering* v. *Achelis*, 112 F. 2d 929, affirming a Memorandum Opinion of the Tax Court. In cases holding that income from short term charitable trusts are taxable to the settlors, there were present important elements of control by the settlor. See *Commissioner* v. *Lamont*, 127 F. 2d 875, reversing 43 B. T. A. 61 (1-year trusts extended each year).

In the instant case the trusts were irrevocable and were to run for at least a period of 9 years as extended on December 1, 1942, the settlors during such time retained no powers of control over either the corpus or the income, and none of the income was to be applied for the benefit of any member of petitioners' family group. We hold that the income of the trusts for the taxable year in question was not taxable to petitioners under section 22 (a) of the Internal Revenue Code or *Helvering* v. *Clifford*, *supra*, or Treasury Regulations 111, section 29.22 (a)–21. We do not think *Helvering* v. *Clifford*, *supra*, or section 29.22 (a)–21 of Regulations 111 were intended to or do apply to the income of a trust such as we have here.

Reviewed by the Court.

> *Decision will be entered under Rule 50 in Docket No. 29011.*
>
> *Decision will be entered for the petitioner in Docket No. 29081.*

TURNER, *J.*, dissenting: As I understand it, a regulation has the force and effect of law, unless it is an unreasonable interpretation of the statute. I agree with Judge Raum that these cases are covered by the regulation, and I do not understand from the opinion that the majority of the Court necessarily thinks otherwise. It is accordingly my opinion that we may not decide these cases contrary to the regulation, without finding and concluding that the regulation is an unreasonable interpretation of the statute. And it is not enough merely to conclude that they are distinguishable from and not controlled by the decision of the Supreme Court in *Helvering* v. *Clifford*, 309 U. S. 331, but are controlled by our decision in *Mary Louise Bok*, 46 B. T. A. 678, decided prior to the promulgation of the said regulation.

RAUM, *J.*, dissenting: It is difficult for me to see why this case is not covered by the regulations. Section 29.22 (a)–21 (c) (1) appears to govern the situation before us, and I do not understand upon what

ground it can be said to be inapplicable. What the majority opinion is in effect doing is to declare the regulations invalid. But as the Supreme Court itself recognized in *Helvering* v. *Clifford*, 309 U. S. 331, 334, regulations may be an appropriate guide in disposing of cases in this field. The provisions of the regulations here involved were promulgated as part of a comprehensive attempt to furnish such guidance in cases of this type, and I cannot say that these regulations are inconsistent with the statute.

HARRON, *J.*, agrees with this dissent.